**ORIGINAL**

**VITALIANO, J.**

**MANN, M.J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

Jermaine Walker

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

Property Clerk, New York City Police Dept. and Teachers Federal Credit Union

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for a Civil Case**

Case No. **CV 19-0015**

*(to be filled in by the Clerk's Office)*

Jury Trial:  ☒ Yes  ☐ No
  *(check one)*



RECEIVED
JAN 02 2019
PRO SE OFFICE

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Jermaine Walker
Street Address: 249A Kosciusko St.
City and County: Brooklyn
State and Zip Code: New York 11221
Telephone Number: 347-647-4381
E-mail Address:

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

Name: Police Department (NYPD) Legal Bureau
Job or Title (if known): Property Clerk New York City
Street Address: 1 Lafayette St - 5th floor
City and County: New York
State and Zip Code: New York 10007
Telephone Number: 917-454-1118
E-mail Address (if known):

Defendant No. 2

Name: Teachers Federal Credit Union
Job or Title (if known): Bank
Street Address: 102 Motor Parkway
City and County: Hauppauge

2

    State and Zip Code    New York 11788

    Telephone Number    _____

    E-mail Address    _____
    (if known)

Defendant No. 3

    Name    _____

    Job or Title    _____
    (if known)

    Street Address    _____

    City and County    _____

    State and Zip Code    _____

    Telephone Number    _____

    E-mail Address    _____
    (if known)

Defendant No. 4

    Name    _____

    Job or Title    _____
    (if known)

    Street Address    _____

    City and County    _____

    State and Zip Code    _____

    Telephone Number    _____

    E-mail Address    _____
    (if known)

**II.**    **Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question              ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A.  **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

My rights under the constitution was violated per the 4th, 5th and 14th amendments of the constitution of the United states

B.  **If the Basis for Jurisdiction Is Diversity of Citizenship**

1.  The Plaintiff(s)

    a.  If the plaintiff is an individual

        The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b.  If the plaintiff is a corporation

        The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.  The Defendant(s)

    a.  If the defendant is an individual

        The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

   b.   If the defendant is a corporation

   The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. *Or* is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

   *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

   The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

   _____
   _____
   _____

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

On 9/22/17 defendant (TFCU) called the NYPD legal Bureau and asked the NYPD would they object to (TFCU) repossessing my vehicle that had a court order on it at the time back from me, due to avoiding legal fees if the NYPD would ultimately recover the vehicle back by judgment of forfeiture. On 11/7/17 (TFCU)-co-defendants at the time repossessed the vehicle back from me at my residents of 249A Kosciusko St, Bklyn, NY. Stated NYPD gave permission to repossess same vehicle while under courts order......

5

IV.  Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

An order stating that teachers Federal credit Union acts and or omissions violated my rights under the 4th, 5th, and 14th amendments. Also awarding the plaintiff 11,000,000 dollars in damages

V.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: Jan 2, 2019.

Signature of Plaintiff     [signature]
Printed Name of Plaintiff  Jermaine Walker



**OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS**

100 CHURCH STREET, 12TH FLOOR, NEW YORK, NEW YORK 10007
NYC.GOV/OATH ♦ JMCGEACHY-KULS@OATH.NYC.GOV

**FIDEL F. DEL VALLE**
COMISSIONER AND
CHIEF ADMINISTRATIVE LAW JUDGE

**JOYCELYN MCGEACHY-KULS**
ADMINISTRATIVE LAW JUDGE
212-933-3084

August 31, 2017

John P. Cestaro, Esq.
Jordan Silver, Esq,
NYC Police Department
Legal Bureau, Civil Enforcement Unit
2 Lafayette Street - 5th Floor
New York, NY 10007

James E. Toner, Esq.
114 Old Country Road - Suite 630
Mineola, New York 11501

          Re:   *Police Dep't v. Walker,*
                OATH Index No. 460/18

Dear Parties:

      Enclosed please find my memorandum decision in the above-referenced matter.

                                          Very truly yours,

                                          Joycelyn McGeachy-Kuls
                                          Administrative Law Judge

JMK: kk

Encl.

# *Police Dep't v. Walker*

OATH Index No. 460/18, mem. dec. (August 31, 2017)

In a vehicle forfeiture case, the Police Department failed to notify owner of his right to a retention hearing at the time of the seizure and by mail within five business days after the seizure as required by the *Krimstock* Order. The Police Department is ordered to release the vehicle.

___

## NEW YORK CITY OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS

*In the Matter of*
**POLICE DEPARTMENT**
*Petitioner*
*-against-*
**JERMAINE WALKER**
*Respondent*

___

## MEMORANDUM DECISION

**JOYCELYN McGEACHY-KULS**, *Administrative Law Judge*

Petitioner, the New York City Police Department, ("the Department") brought this proceeding to determine its right to retain a vehicle seized as the alleged instrumentality of a crime pursuant to section 14-140 of the Administrative Code. Respondent Jermaine Walker, who was arrested while operating the vehicle at issue, is the registered owner of the vehicle (Pet. Ex. 8). This proceeding is mandated by *Krimstock v. Kelly*, 2007 U.S. Dist. LEXIS 82612 (S.D.N.Y. Sept. 27, 2007) ("the *Krimstock* Order" or "Order"); *see generally Krimstock v. Kelly*, 306 F.3d 40 (2d Cir. 2002); *County of Nassau v. Canavan*, 1 N.Y.3d 134 (2003).

On December 3, 2016, the Department seized a 2013 BMW sedan following respondent's arrest for criminal possession of a weapon in the second degree, criminal mischief in the third degree, obstruction of governmental administration in the second degree, criminal possession of a controlled substance in the seventh degree, menacing in the third degree, and a red light traffic violation (Pet. Exs. 1, 7). Respondent was not indicted on any felony charges and pleaded guilty to criminal mischief in the fourth degree on June 7, 2017 (Pet. Ex. 6).

A hearing was held before me on August 24, 2017, where respondent was represented by counsel. The Department relied on hearsay documentary evidence. Respondent testified on his

own behalf and presented documentary evidence. The record remained open until August 29, 2017 with respondent's consent, to allow petitioner and respondent to submit additional documents and to allow me to rule on the admissibility of the proffered documents.

For the following reasons, I find that the Department is not entitled to retain the vehicle, and therefore order that the vehicle be released.

## ANALYSIS

In seeking to hold the vehicle as the instrumentality of a crime, the Department has the burden of proving three points by a preponderance of the evidence: (i) that probable cause existed for the arrest pursuant to which the vehicle was seized; (ii) that it is likely that the Department will prevail in a civil action for forfeiture of the vehicle; and (iii) that it is necessary that the vehicle remain impounded to ensure its availability for a judgment in a civil forfeiture action. *Krimstock* Order ¶ 3; *Canavan*, 1 N.Y.3d at 144-46. Here, due process requires an "initial testing of the merits of the City's case," not "exhaustive evidentiary battles that might threaten to duplicate the eventual forfeiture hearing." *Krimstock*, 306 F.3d at 69-70. There were facts and conclusions in dispute pertaining to the first and second prongs of the three-prong *Krimstock* test – probable cause for the arrest and likelihood that the Department will prevail in a civil action for forfeiture of the vehicle. Regarding the second prong, it is respondent's position that the Department will not prevail in a civil forfeiture action because the Department failed to schedule a forfeiture hearing within 25 days of his demand for return of his vehicle.[1] However, it is not necessary to discuss these prongs because the Department has not shown that it complied with the notice requirements of the *Krimstock* Order.

---

[1] Respondent contends that a forfeiture hearing cannot be held in this case because it would be untimely. According to the Rules of the City of New York, a civil forfeiture hearing must be held within 25 days of a demand and it is respondent's position that he demanded his vehicle in June 2017 upon his release from jail. Such request was made more than 25 days ago and no forfeiture hearing has been held.
   The rule provides in relevant part that:
> If a timely demand is made for the return of the property before the forfeiture proceeding is instituted, such proceeding shall be brought no later than (i) in the case of arrest evidence, 25 days after the claimant provides the property clerk with a district attorney's release, and (ii) in all other cases, as a district attorney's release is not required, within 25 days after the date of demand. If such proceeding is not commenced within this time period, the property clerk shall give written notice to the claimant . . . that the property will be returned forthwith to that person.

38 RCNY §12-36(a) (Lexis 2017). This argument need not be addressed as the Department's failure to provide timely notice of the right to retention hearing entitles respondent to the return of his vehicle.

- 3 -

The *Krimstock* Order sets forth detailed requirements regarding the time, place, and subject matter of a retention hearing at OATH. It also includes the following unambiguous notice requirements (the "*Krimstock* notices"):

> Notice of the right to a forfeiture hearing will be provided at the time of seizure by attaching to the [property clerk's] voucher already provided to a person from whom a vehicle is seized a notice, in English and Spanish, as set forth below. A copy of which notice will also be sent by mail to the registered and/or titled owner of the vehicle within five business days after the seizure.

*Krimstock* Order ¶ 4. The Order goes on to provide that the receipt of the demand for the *Krimstock* hearing triggers important time periods, including a requirement that the Department serve upon the owner and on OATH, within two business days of receipt by the Department of the hearing demand, the notice of the date of the hearing, which must be held "within 10 business days after [that same] receipt by the Police Department of a written demand for such a hearing" under paragraph 4 of the Order. *Krimstock* Order ¶ 5. Accordingly, the Department is strictly obligated to adhere to the Order's notice requirements. "The purpose of these *Krimstock* hearings is to afford car owners rapid, truncated, preliminary, administrative hearings concerning the retention of their vehicles by the police pending the outcome of a more plenary civil forfeiture action." *Police Dep't v. Williams*, OATH Index No. 1759/07, mem. dec. at 5 (Apr. 12, 2007).

Following federal court precedent, this tribunal has held that failure to provide notice in compliance with the *Krimstock* Order is an affirmative defense that respondent must raise before the Department has an obligation to rebut it. *Krimstock v. Kelly*, 506 F. Supp. 2d 249, 257-58 (S.D.N.Y. 2007) (stating that the lack of notice is "an affirmative defense, upon which movant bears the burden," the court declined to shift to the Department the initial burden of proof to show service of notice of right to a retention hearing); *See also Police Dep't v. Peake*, OATH Index No. 1282/12, mem. dec. at 2 (Feb. 24, 2012); *Police Dep't v. Lopez*, OATH Index No. 2045/11, mem. dec. at 2-3 (Apr. 8, 2011). Once notice is challenged, the Department must show that it has met its service obligations. *Peake*, OATH 1282/12 at 2; *Lopez*, OATH 2045/11 at 2; *Police Dep't v. Lee*, OATH Index No. 778/08, mem. dec. at 11-12 (Oct. 31, 2007).

Respondent testified that the Department seized his car when he was arrested on December 3, 2016. Respondent pleaded guilty to criminal mischief June 7, 2017 and was released from jail on that date. Shortly thereafter, he contacted the NYPD tow yards to get his

- 4 -

car back. Respondent then searched the internet for a contact number at the Department's civil enforcement unit to arrange to get his car back. He testified that he called a main number and was ultimately put in touch with Mr. John Cestaro, the Department's attorney in this matter. Mr. Cestaro told respondent that he needed a certificate of disposition in order to return the car to respondent. Respondent went to the clerk's office in Brooklyn to get the certificate of disposition and faxed it to Mr. Cestaro (Pet. Ex. 6). Respondent testified that approximately two weeks later, he called Mr. Cestaro again to get his car back. Respondent did not reach Mr. Cestaro, but he spoke to someone else in the civil enforcement unit who told him that he needed to produce a copy of the District Attorney's release. Respondent went back to the clerk's office, obtained a copy of the release, and faxed it to Mr. Cestaro (Resp. Exs. A, B.).

Respondent testified that he did not receive the notice of right to a retention hearing from petitioner until July 2017, after he sent a letter to the enforcement unit demanding the return of his car. He was informed at that time that he had to complete this form in order to get his car. On August 9, 2017, respondent submitted the completed notice of right to a retention hearing form to the Police Department. The Department offered no proof of service of the required notice of right to a retention hearing at the time of the seizure of vehicle on December 3, 2016 or by mail within 5 business days after the seizure, nor did the Department contradict respondent's testimony that he first received this notice in July 2017.

Respondent testified that in January 2016, petitioner seized another car that he owns and that he contacted petitioner for return of that vehicle. Respondent further testified that he was able to request the hearing in 2016 because he had received the notice of right to a retention hearing form and he followed the instructions outlined on the form. During cross examination, the Department suggested that respondent already knew the procedures to follow for the return of his car. However, the fact that respondent had requested a *Krimstock* hearing for another car 18 months prior to this hearing does not eliminate the Order's requirement that the Department provide notice incident to its December 2016 seizure of this vehicle. *See Police Dep't v. Ramirez*, OATH Index No. 2418/07, mem. dec. at 5 (July 16, 2007) (rejecting Police Department argument that respondent was previously arrested a few months earlier and had received notice of right to a retention hearing at that time, and was therefore familiar with his rights under the *Krimstock* Order).

- 5 -

Respondent testified credibly regarding his attempts to recover his car. His calls to the police department and production of requested documents are consistent with the actions of a person who did not know or recall how to get his car back and was not advised of the procedure in this case until July 2017 when he received the notice of right to a retention hearing.

It is undisputed that respondent was arrested on December 3, 2016. Under the *Krimstock* Order, notice of the right to a forfeiture hearing must be provided at the time of seizure of respondent's vehicle and a copy of the notice must also be mailed to the registered and/or title owner of the vehicle within five business days after the seizure. Respondent testified that he first received notice of right to a retention hearing in July 2017 – seven months after his car was taken by the Department.

Where the Department has failed to comply with its notice obligations, the *Krimstock* Order mandates dismissal of the petition notwithstanding proof on the merits. *Peake*, OATH 1282/12 at 5-6 ("The application of the *Krimstock* Order and of basic principles of law . . . compels the dismissal of the petition and return of respondent's car, irrespective of the underlying merits.")

## ORDER

Petitioner failed to meet its notice obligations under the *Krimstock* Order and is therefore not entitled to retain the vehicle pending the outcome of the civil forfeiture action. The Department is directed to release respondent's vehicle.

Joycelyn McGeachy-Kuls
Administrative Law Judge

August 31, 2017

APPEARANCES:

JOHN P. CESTARO, ESQ.
JORDAN SILVER, ESQ.
*Attorneys for Petitioner*

JAMES E. TONER, ESQ.
*Attorney for Respondent*